IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Donovan Dukes and Syreeta Kitchen-Dukes, | Civil Action No.: 3:12-cv-00642 |
| Plaintiffs, | |
| v. | |
| Diversified Collection Services, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiffs, Donovan Dukes and Syreeta Kitchen-Dukes, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), North Carolina Fair Debt Collection Practices Act, and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Donovan Dukes (hereafter "Donovan") and Syreeta Kitchen-Dukes (hereafter "Syreeta," and together with Donovan, the "Plaintiffs") are adult individuals residing in Mecklenburg County, North Carolina, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Diversified Collection Services, Inc. ("Diversified"), is a California business entity with an address of 333 North Canyons Parkway 100, Livermore, California 94551, operating as a collection agency within the State of North Carolina, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6.      Donovan allegedly incurred a financial obligation (the "Debt") to American Education Services (the "Creditor").

7.      The Debt allegedly arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

10.     Within the last two months, Defendants contacted Plaintiffs in an attempt to collect the Debt.

11.     Defendants placed calls to both Syreeta's and Donovan's cellular phones.

12.     In a phone conversation with Donovan, Defendants demanded payment and told Donovan he needed to find someone to borrow money to use towards satisfying the Debt.

13.     Defendants also placed as many as two calls a day to Syreeta regarding the Debt.

14.     On numerous occasions, Syreeta explained with Defendants that Donovan could not be reached at her cellular phone number and asked to stop the calls.

15.     Additionally, during calls with Syreeta, Defendants refused to identify who they were and refused to speak with Syreeta regarding the Debt.

16.     Nonetheless, Defendants continued to place calls to Syreeta's cellular phone.

17.     Furthermore, Defendants also placed a call to Donovan's mother in an attempt to contact Donovan.  In this phone call, Defendants misleadingly told Donovan's mother that they wanted to interview Donovan for a job and needed his phone number.

18.     When Syreeta called Defendants to file a complaint in regards to the phone call placed to Donovan's mother, Defendants told Syreeta that "our operator wouldn't call her and we don't do that."  Defendants refused to accept Syreeta's complaint.

19.     Defendants' calls to Plaintiffs were aggravating and caused the Plaintiffs a great deal of stress.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to identify itself and further failed to confirm or correct location information.

24. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiffs without disclosing the identity of the debt collection agency.

26. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt, including but not limited to informing a third party that Defendant needed Donovan's telephone number for a job offer.

28. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
## N.C. Gen.Stat. § 58-70, et seq.

31. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiffs are each a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

33. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

34. The Defendant caused a telephone to ring or engaged the Plaintiffs in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiffs under the circumstances or at times known to be times other than normal waking hours of the Plaintiffs, in violation of N.C. Gen.Stat. § 58-70-100(3).

35. The Defendant communicated with persons other than the Plaintiffs, or the Plaintiffs' attorney, in violation of N.C. Gen.Stat. § 58-70-105(1).

## COUNT III
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Plaintiffs are each a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

38. The Plaintiffs incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

39. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

40. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiffs in connection with the attempt to collect the Debt.

41. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiffs in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

42. The Defendant's conduct violated N.C. Gen.Stat. § 75-54 in that Defendant collected or attempted to collect a Debt or obtain information concerning the Plaintiffs by a fraudulent, deceptive or misleading representation.

43. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(2) in that Defendant failed to disclose in all communications attempting to collect a debt that the purpose of such communication was to collect a Debt.

44. The Defendant's conduct violated N.C. Gen.Stat. § 75-55 in that Defendant collected or attempted to collect a Debt by use of unconscionable means.

## COUNT IV
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

45. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

47. The Plaintiffs suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

48. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51. North Carolina further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated North Carolina state law.

52. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with repeated phone calls.

53. The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

54. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

56. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiffs;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 28, 2012

Respectfully submitted,

By  */s/ John S. Austin*

John S. Austin, Esq.
Bar Number: 20826
Austin Law Firm, PLLC
P.O. Box 6580
Raleigh, NC 27628-6580
Email: jaustin@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5529
Facsimile: (888) 953-6237
Attorney for Plaintiff

9

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424